## NEWMAN, Ex'r, vs. PRYOR.

1. Where a suit, abated by the death of the plaintiff, is without notice afterwards revived on motion under the statute in the name of a third person as his personal representative, the defendant may deny by plea the representative character of the new plaintiff, and contest his right to maintain the action.

2. In such case, it is not a good objection to the plea on general demurrer, that the declaration was filed in the life-time of the decedent, and contains no averment of the representative character of the substituted plaintiff.

3. The primary court has the discretion to permit pleas in bar to be filed at any time before the trial, and this court will not control it in its exercise.

Newman, ex'r, v. Pryor.

Error to the Circuit Court of Montgomery. Tried before the Hon. Thos. A. Walker.

Belser & Harris, for the plaintiff in error:

I. The action is trespass, brought by Wm. T. Givens in the court below against James W. Pryor, for seizing and carrying away certain slaves improperly.

1. The suit was brought to the fall term of Montgomery county 1846; at the spring term thereof, in 1847, the death of the plaintiff, Givens, was suggested and James M. Newman was made plaintiff in his place.

2. At the fall term 1848, and spring term 1848 and 1849, the case was continued by Newman as plaintiff.

3. At the fall term 1849, the case was tried, and the plaintiff demurred to defendant's first and second pleas, and the demurrer was overruled as to each. There was also a motion to strike out each of these pleas, but the same was rejected by the court.

II. The fact that Newman was not the proper plaintiff, should have been objected to at the time he was made plaintiff. It is too late to raise the objection after a continuance of the cause for three terms.

III. Neither of the pleas answers the declaration. The declaration nowhere alleges that Newman was the administrator of William T. Givens, deceased, as alleged in the pleas. The demurrers to both of them should have been sustained, and they should have been stricken out on motion of plaintiff also.

IV. The pleas do not affect the character of the plaintiff, as described in the declaration, but by intendment are to reach Newman, who is not named in the declaration, and only made plaintiff by statute.

J. W. Pryor, for the defendant:

1. *Ne unques administrator* is a plea in bar and not in abatement.—1 Saun. R. 274, n. 3; Thomas v. Cameron, 16 Wend. 579-582; Stallings v. Williams, 6 Ala. 509-10; Sorell v. Craig, 15 ib. 789-792. The case (15 Ala. 789) is directly in point. Whilst the suit was pending Craig was substituted as plaintiff in the stead of the original plaintiff, and yet the defendant was allowed to defend under the plea of *ne unques*, &c.

2. The defence that the plaintiff, Newman, was not administrator, was a meritorious defence.—6 Ala. 510; 15 ib. 792. Now how is a meritorious defence to be made? Certainly by plea only. And how can it be made by plea before the representative of the deceased plaintiff is made a party plaintiff? The defence cannot be made before he becomes a party, because the defence is a meritorious one, and must be made by plea, and there can be no plea until there are parties plaintiff and defendant in court. There can be no parties in court, when suit has been abated by death of the plaintiff, until the suit is revived by the introduction of another plaintiff. Until this revival there is no suit in court, no plea can be filed, no defence made. So long as the cause is out of court, nothing can be done in it, and the defendant is not, in contemplation of law, in court to attend the cause, for there is no cause in court. The introduction of another plaintiff in court revives the suit and brings it back into court. So that at the first moment the defendant is brought back into court and can take any action, there is already a plaintiff on the record. If he were then denied the right to contest the new plaintiff's representative character, he would be deprived of the right of making a meritorious defence in the only way in which it can be made.

3. The refusal of the court below to strike out the pleas, will not be overruled by this court—first, because the pleas are pleas to the merits; secondly, because the motion was addressed to the discretion of the court below, and is not revisable.

PARSONS, J.—Givens brought his action of trespass against Pryor, in the Circuit Court of Montgomery county, on the 19th of October 1846. The declaration is in the name of Givens as plaintiff. The cause was continued at the spring term 1847. At the fall term of the same year, the plaintiff's death was suggested and the cause continued. And at the spring term 1848, the following entry was made : " In this case the death of the plaintiff being suggested to the court, on motion James M. Newman, administrator, is made party plaintiff, and cause continued by said administrator." It was continued at the two next succeeding terms. The writ was duly executed, but the record does not show that Mr. Pryor ever appeared, until the 31st October 1849, when he filed three pleas; to each

of the two first there was a demurrer, but the demurrers were overruled, and that is now assigned as error. The pleas are so perfectly the same, that it is only necessary to notice the first, the material part of which is, "that the said plaintiff as to the said several supposed causes of action in the said declaration mentioned, is not, nor ever was administrator of the goods, chattels and effects, which were of the said William T. Givens, deceased, in manner and form as the said plaintiff hath above in his said declaration in that behalf alleged, and this the said defendant is ready to verify," &c. It is now contended that if Newman was not the proper plaintiff, the time to make that objection was when he was admitted as a plaintiff. But the cause had abated, and the defendant was out of court, subject, however, to be brought back in the event the cause should be revived under the statute. Until that event there was no party plaintiff in the cause. The plea states a good bar to the action of the present plaintiff. It is a matter which is pleadable, and that is the proper mode of trying it. It does not appear that the defendant was present when the present plaintiff was admitted, or that he had any notice of the motion. To hold him concluded therefore, is to deny his right to make this defence. But if he had been present, or notified, I should still think that he could deny the plaintiff's representative character by plea. When a new party is brought in by *sci. fa.*, or in equity offered to come in on a bill of revivor, there can be no difficulty. His liability, or his right to come in, can be appropriately contested —but, under our statute in this case, the plaintiff came in in such a way as to afford no means of contesting his right.

It is contended that the plea does not answer the declaration, as there is no allegation in it that Newman was the administrator, &c. It appears to have been filed in the life-time of Givens. This objection to the plea is not good, we think, on general demurrer. Newman was the plaintiff when the pleas were filed.

There was a motion also to strike out the pleas. We think this motion was properly overruled. The court below had the discretion to permit the defendant to file his pleas in bar at any time before the trial, and that is a discretion which this court will not control.

The judgment is affirmed.

CHILTON, J., not sitting.