# Falkner *v.* Christian's Administrator.

### Action on Judgment.

1. *Presumptions in favor of judgment.* — When a judgment, rendered by a court of general jurisdiction, is collaterally assailed, all reasonable intendments and presumptions are indulged to support it; and whatever of doubt or ambiguity the record may present, is resolved in favor of the judgment.

2. *Same; judgment in favor of deceased plaintiff.* — Although a judgment in favor of a deceased plaintiff, when it cannot by relation be referred back to a day previous to his death, is void ; yet, in an action on a judgment rendered in a suit by an administrator in his representative character, a suggestion on the record, prior to the term at which the judgment was rendered, of the plaintiff's death, with leave to revive in favor of his successor when known, will be presumed to be a clerical error, or to have been subsequently ascertained to be unfounded in fact, when the record shows that the parties afterwards appeared, and that the defendant withdrew his pleas, and suffered judgment to go by *nil dicit.*

[Falkner *v.* Christian's Administrator.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. James Q. Smith.

This action was brought by Harris Gunter, as the administrator of A. H. Christian, deceased, against Jefferson Falkner, and was founded on a judgment rendered by the circuit court of Chambers' county, in October, 1867, against said Falkner and one E. G. Richards, for the sum of $700.50, with costs. The defendant pleaded, "in short by consent," *nul tiel record;* and the cause was tried on issue joined on that plea. On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence a transcript, duly certified, of the judgment on which his action was founded. This transcript showed that the action was commenced by said A. H. Christian against E. G. Richards, on the 31st August, 1862, and was founded on a promissory note executed by said Richards and Jefferson Falkner, who was not sued; that at the March term, 1863, an entry was made in the cause in these words: " The death of the plaintiff, Christian, is suggested, and W. B. S. Gilmer, as administrator, is made party plaintiff; " that at the October term, 1866, the following entry was made: " The death of W. B. S. Gilmer, adm'r, is suggested, and *sci. fa.* to the representatives of Christian when known; " and that on the 10th October, 1867, the following judgment was rendered : " This day came the parties, by their attorneys, and plaintiff moves to amend his complaint, by adding the name of Jefferson Falkner as a party defendant; which said Falkner agrees to in open court. And the defendants, withdrawing their plea, say nothing in bar or preclusion of the plaintiff's recovery. It is therefore considered by the court, that the plaintiff recover of the defendants the sum of seven hundred and $\frac{50}{100}$ dollars, his damages in the complaint mentioned, together with the costs," &c. The defendant objected to the admission of said transcript as evidence, because it showed no valid judgment, and because it showed that the plaintiff in the action therein mentioned was dead when the said judgment was rendered. The court overruled the objection, and admitted the transcript; to which the defendant excepted. The court charged the jury, that, if they believed the evidence, they must find for the plaintiff; to which charge the defendant excepted. The admission of the transcript as evidence, and the charge of the court, are now assigned as error.

J. FALKNER, for appellant.

ELMORE & GUNTER, *contra.*

BRICKELL, J. — When judicial proceedings, in a court of

[Falkner *v.* Christian's Administrator.]

general jurisdiction, have ripened into a final judgment or decree, and are collaterally assailed, all reasonable intendments and presumptions are indulged to support them. Whatever of doubt or ambiguity the record may present, is resolved in favor of the validity of the judgment or decree. Otherwise, such judgments would lose much of their dignity and value, and, instead of terminating, would be often only the commencement of litigation.

2. It is certainly true that a judgment rendered in favor of, or against a deceased party, and which cannnot by relation be referred to a previous day, is a nullity. No pleas appear in the record in this case; but the bill of exceptions recites, that issue was joined on the plea of *nul tiel record.* The question which the court was required to determine on that plea was, whether the record of the judgment, on which the suit was founded, disclosed the death of the plaintiff therein at the rendition of judgment. The suit in which the judgment was rendered, was commenced by A. H. Christian, in 1862, in the circuit court of Chambers county, against Evan G. Richards, alone, founded on a promissory note, made by him and the appellant. At the spring term, 1863, the death of the plaintiff was suggested, and W. B. S. Gilmer, as his administrator, was made the party plaintiff. No further proceedings appear until the fall term, 1866, when this minute-entry was made: " The death of W. B. S. Gilmer, adm'r, is suggested, and *sci. fa.* to the representatives of Christian when known." No *scire facias* appears to have been issued; no revivor had by any successor of Gilmer; no order of abatement made because of the want of a plaintiff. At the fall term, 1867, the averments of the record are, that the parties appeared by attorney, and the plaintiff was allowed to amend his complaint, by making the appellant a party defendant, to which the appellant consented; " and the defendants, withdrawing their pleas, *say nothing in bar or preclusion of the plaintiff's recovery;* " and thereupon judgment was rendered against them in favor of the plaintiff.

A defendant, appearing, and withdrawing his pleas, admits himself properly in court, and the legal liability averred in the complaint. *Kennedy* v. *Young,* 25 Ala. 563; *Eaton* v. *Harris,* 42 Ala. 491. The suggestion of the death of the plaintiff, made in 1866, was not, as against the defendant to the suit, or as against appellant, who subsequently became a defendant, evidence of the death of Gilmer, or of the fact of a vacancy in the administration of Christian's estate. If subsequently it had been proposed to make another the party plaintiff as successor of Gilmer, the defendants could have contested the right of such party, and thus had the fact of Gilmer's death and a

[Clarke v. Clarke's Administrator.]

vacancy in the administration judicially ascertained. If Gilmer was in fact dead, and those representing the plaintiff would not admit his death, and take the steps proper to cure the abatement, the defendants could, by plea *puis darrien continuance*, have arrested the suit, and have compelled a judgment of abatement. *Hatch* v. *Cook*, 9 Port. 177; *Newman* v. *Prior*, 18 Ala. 186; *Coopwood* v. *Taylor*, 7 Port. 33. The defendants appear after this suggestion, and treat the suit as progressing with a proper party plaintiff; and the appellant consents to be made a party defendant, withdraws all defence, says nothing in bar of the plaintiff's recovery, and thereby admits himself properly in court, which he could not be, if the plaintiff was dead. Indulging the reasonable presumptions which are extended to judicial proceedings when collaterally assailed, the whole record is more consistent with the hypothesis, that the suggestion of Gilmer's death was subsequently ascertained to be unfounded in fact, or that the entry of such suggestion was a clerical misprision, than that it was founded in truth. The circuit court did not, therefore, err in determining the plea of *nul tiel record* against the appellant, nor in charging the jury that the appellee was entitled to recover.

The judgment is affirmed.