# Sims *v.* Sims, *et al.*

*Bill for Partition or Division.*

(Decided Jan. 20, 1910.   51 South. 731.)

1. *Deeds; Homestead; Acknowledgment; Wife.*—A deed executed
by a married man to his homestead, not separately acknowledged by
the wife as required by the statute, is void.

2. *Homestead; Rights of Widow.*—Where the husband dies leav-
ing a homestead less in area than 160 acres and in value than $2,-
000.00, and leaves a wife but no minor children, the title vests abso-
lutely in the widow, and upon her death without will, the estate
passes from her and not from the husband:

3. *Equity; Submission; Objections to Evidence.*—Where the note of submission did not contain an objection to the evidence offered by either side, the chancellor is not required to consider objections made before the commissioner in the taking of the deposition.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Jacob Sims and another against John Sims and another for a sale of land for division. Decree for complainants and respondents appeal. Affirmed.

CLIVE E. REID, for appellant.—On a bill filed for partition and division or for sale for that purpose the court will entertain and settle questions of advancement.— *Comer v. Sheahee,* 129 Ala. 528; *Booth v. Foster,* 111 Ala. 312; *Marshall v. Marshall,* 86 Ala. 383. Property given by a parent to a child is presumed to have been intended as an advancement.—*Clements v. Hood,* 57 Ala. 459. There was a valid delivery.—*Griswold v. Griswold,* 148 Ala. 239; *Strickland v. Griswold,* 149 Ala. 325; 13 Cyc. 569. Counsel insist that the inheritance was from the father and not from the mother in this case, and that being a life tenant the widow could not hold adversely to the remaindermen.—*Johnson v. Oldham,* 126 Ala. 309; *Caperton v. Hall,* 118 Ala. 265; *Ginkra v. Western Ry.,* 96 Ala. 162.

FOSTER, SAMFORD & PRESTWOOD, for appellee.—The memorials of the death of Eldridge Sims prepared by his daughter at the time was admissible in evidence.— *Cherry v. The State,* 68 Ala. 29. This was important for upon the date of his death depends the descent and consequent title in this case. Even if he died prior to statute vesting the title of the land in the widow and the court should find that advancements were made, the respondent would not be entitled to the land.—Sections 3768-9-70, Code of Alabama.

DOWDELL, C. J.—This appeal is taken from a final decree rendered on submission of the cause on the pleadings and proof. On the state of the record before us, the main question—if not the only one presented—is one of fact. The evidence without dispute shows that the land sought to be sold for division was the homestead of the ancestor of the parties to this suit, and that he was a married man and resided thereon at the time of the execution of the purported deed offered in evidence by the respondent, John Sims. There was no separate acknowledgment by the wife to this deed, as required by the statute, and hence the deed was void.

The date of the death of the ancestor, Eldridge Sims, is the principle issue of fact in the case. The complainants contend that he died on the 13th of December, 1893, while the respondent contends that he died in October or November, 1892. There were no minor heirs, and the homestead was less than 160 acres in area, not situated in a city, town, or village, and the great weight of the evidence showed that it was worth less than $2,000 in value. The wife survived, and if the husband, the ancestor of these parties, died on the 13th day of December, 1903, as contended by the complainants, then the title to the land vested, under the statute, absolutely in the surviving widow, the mother of these parties; and upon her death intestate, which was the case here, the inheritance passed from the mother—and not from the father—to the complainants and respondent. The testimony was in conflict as to the true date of the death of Eldridge Sims. The weight of evidence, however, as determined by the chancellor—and we concur in his conclusion—showed that event to have happened on the 13th day of December, 1893.

In the note of the submission of the cause there were no objections to the evidence offered by either side, and

the chancellor was not required to consider objections made before the commissioner in the taking of depositions of witnesses, when not presented to him by the note of submission. The conclusions of the chancellor on the facts are supported by a decided weight of the evidence, and his determination of the facts wholly eliminated from consideration the question of advancements made by the father, Eldridge Sims, to the children, as the title to the property in suit descended from the mother.

The decree appealed from is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.