(108 So. 739)

## THOMAS v. THOMAS. (6 Div. 669.)

(Supreme Court of Alabama.　May 27, 1926.)

Divorce ⬤⟹165(3)—Motion to set aside divorce decree held too late to raise objection that commissioner before whom complainant's witnesses were orally examined was associated with complainant's counsel (Code 1923, § 7757; chancery practice rule 58).

Defendant in divorce action, who objected that commissioner before whom complainant's witnesses were examined was associated with complainant's counsel, but filed no objection before register of court, as required by chancery practice rule 58, cross-examined witnesses, offered no motion to suppress, and incorporated no objection in note of testimony, waived right to suppress testimony, and motion to set aside decree was too late to raise such objection, in view of Code 1923, § 7757.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Bill in equity by Louis Thomas against Mattie Thomas. From a decree for complainant, defendant appeals. Affirmed.

D. G. Ewing and Dan Trawick, Jr., both of Birmingham, for appellant.

Counsel argue for error in the decree, and cite Code 1923, §§ 7754, 7755, 7757, 7413.

J. Reese Murray, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a bill in equity by Louis Thomas against Mattie Thomas for divorce on the ground of adultery. The defendant filed an answer in the nature of a cross-bill, in which she denied the averments of the bill as to the adultery charge and sought a divorce from him on the ground of adultery. This part of her cross-bill was denied by complainant. The court on pleading and proof, as noted by the parties and the register, granted complainant relief, dismissed the cross-bill, dissolved the bond of matrimony, divorced the parties, and permitted complainant to remarry. The defendant appeals from that decree, but it is not assigned as error.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This decree was rendered on January 16, 1926, and the cross-respondent on February 1, 1926, filed with the court a motion to set aside that final decree on certain grounds therein mentioned, which motion was on February 27, 1926, overruled by the court. This order of the court overruling this motion to set aside the decree of divorce is the error assigned. Appellant insists this motion should have been granted and the decree of divorce set aside, because:

"(1) Where both parties are guilty of adultery, neither party is entitled to a divorce, and the court should so decree. (2) The commission to the said P. A. Thorp was void, because he was of counsel or associated with counsel for the appellee in the practice of law. (3) No commission was ever issued to C. B. Frith, and whatever testimony taken by him was absolutely void. (4) There was absolutely no testimony whatsoever by the appellee, Louis Thomas, in said cause, and the trial court erred in granting a decree of divorce to the appellee, but should have granted a decree of divorce to the appellant against the said appellee, Louis Thomas. (5) The trial court erred in taking any knowledge of the testimony of the appellee, Louis Thomas."

The testimony in the record does not sustain the first or fourth ground. The testimony clearly by its weight shows the defendant was and the complainant was not guilty of adultery as charged. The final decree is sustained and supported by the great weight of the evidence in the record as relied on by the parties, as evidenced by the note of testimony signed by the attorneys of record for the parties, and the court rendered proper decree in the cause under the evidence appearing in the record and noted.

P. A. Thorp was the commissioner before whom Louis Thomas, complainant, and the other witnesses for complainant were orally examined by the parties. It is true, before the witnesses were examined, the defendant objected before Thorp to the taking of testimony in the cause by him as commissioner and to the issuance of the commission to him because he was of counsel for the complainant or associated with counsel for complainant. If this was true, the defendant should have filed his objection with and offered evidence thereof before the register of the court as directed by rule 58 of the chancery practice. But she simply had the commissioner to note it before examining the witnesses, and offered no evidence to sustain it. Then she by her solicitor cross-examined the complainant and his witnesses, who were examined orally before this commissioner, Thorp, and she examined each of her witnesses orally and noted their testimony in the note of testimony. Nor did she make any application to the court to suppress the depositions of these witnesses of complainant examined before Thorp before the final decree was rendered. And she made

no application to suppress the depositions of her witnesses before the final decree was rendered. She did not incorporate in her note of testimony any objection to the testimony of these witnesses of complainant or to her witnesses. All of the witnesses examined before Thorp were noted by the complainant, and the witnesses examined for the defendant were noted by the defendant; and the attorney for the complainant and the attorney for defendant each thereon in writing requested the register to submit the cause therewith to the court for decree, and each of the attorneys signed their names to this note of testimony. No objection to the consideration by the court of the testimony of any of these witnesses was called to the attention of the court until after the final decree was rendered and until this motion to set aside that decree was filed. This motion, for that purpose, came too late. The defendant by her acts had waived her right, if any existed, to suppress the testimony of any of these witnesses taken orally by the parties. Rule 58, Chancery Practice; Colgin v. Redman, 20 Ala. 650, headnote 8; 5 Michie Dig. 608, § 265; Bonner v. Young, 68 Ala. 35; Sims v. Sims, 165 Ala. 141, 51 So. 731; Code 1923, § 7757.

It results, and we hold, that the chancellor properly overruled the motion of the defendant to set aside the final decree.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.