(124 So. 285)

### IVEY v. IVEY et al.   (4 Div. 408.)

Supreme Court of Alabama.   Oct. 24, 1929.

Frank M. de Graffenried, of Seale, and J. W. Kelley, of Phenix City, for appellant.

E. Herndon Glenn, of Opelika, for appellees:

BROWN, J.   The bill in this case was filed by the appellant against the heirs at law and the administrator of the estate of Samuel Ivey, deceased, and alleges that the complainant, at the time it was filed, owned and was in the peaceable possession of the lands described in the bill; and seeks to have complainant's title quieted, and, as an incident to this relief, to cancel a certain deed purporting to have been executed by the complainant and her husband, Soloman Ivey to Samuel Ivey, on the 22d day of April, 1909, and filed in the office of the judge of probate of Russell county on the 31st day of March, 1925, on the ground that said deed was a forgery. On submission for final decree on pleadings and proof, the bill was dismissed, and from that decree this appeal is prosecuted.

The acknowledgments to the deed which the complainant sought to have canceled purport to have been taken by J. S. Kimbrough, a notary public and ex officio justice of the peace of Lee county, on the date of its execution, and prove the due execution of the deed. The complainant took the deposition of said Kimbrough, who at the time lived in Florida, on interrogatories and cross-interrogatories duly filed. A commission was issued for this purpose to Flossie R. Blair of Tampa, Hillsborough county, Fla., who, after taking the deposition, appended her certificate thereto in the usual form, except that it contained the following:

" * * * After being reduced to writing the evidence of said witness was submitted to him for signature, but that he declined to sign the same or any other statement, giving as his reason therefor that he was not certain of his recollection and was afraid he might do some one an injustice."

■ The single point insisted upon by the appellant is that the court erred in refusing to suppress the deposition of Kimbrough, on her motion rested upon the ground that the witness refused to sign the deposition. The motion was submitted on the final hearing, and the court took no notice of this motion in entering the final decree dismissing the bill. The approved practice requires that motions to suppress depositions be made at the earliest convenient time after the publication of the testimony, and should be disposed of in advance of a final submission, so that the party taking the deposition may, if necessary, obtain leave to retake the deposition. Harris v. Miller, 30 Ala. 221; Colgin v. Redman, 20 Ala. 651; McCreary v. Turk, 29 Ala. 244; Code 1923, § 7757; Tuskaloosa Cotton-Seed Oil Co. v. Perry, 85 Ala. 158, 4 So. 635; Thomas v. Thomas, 214 Ala. 642, 108 So. 739.

■ While it is a general custom in practice for witnesses to sign their depositions, the statutes and rules of practice regulating the taking of depositions on written interrogatories do not require the deposition to be so subscribed.   Code 1923, §§ 6578, 7754, 7755; Rules Ch. Pr. 49–62.

Rule 65 of Chancery Practice relating to taking testimony on oral examination provides that, "when completed, the deposition shall be read over to the witness, and shall be signed by him in the presence of the parties or counsel, or such of them as may attend; provided that if the witness shall refuse to sign the same, then the officer taking such deposition shall state that fact in his certificate."

We are of opinion, therefore, that the assignment of errors is without merit.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.