82 So.2d 220

Alceone **SAWYER**

v.

Janie Bell **NETTLES** et al.

1 Div. 642.

Supreme Court of Alabama.

Aug. 18, 1955.

J. M. Coxwell, Monroeville, for appellant.

Barnett, Bugg & Lee, Monroeville, and B. E. Jones & R. L. Jones, Evergreen, for appellees.

## PER CURIAM.

This is an appeal taken by complainant from a final decree in equity denying relief and dismissing the bill of complaint.

The bill as originally filed was by Mrs. Jeffalonia H. Wasden against Mrs. Janie Bell Nettles and Corinne Waters, who were the widow and only child of W. A. (Andrew) Nettles, then deceased. It sought to set aside some deeds executed by complainant to W. A. Nettles during his lifetime.

The claim was that a material part of the consideration of each conveyance was an agreement by Nettles to support complainant during her life. That was the only issue tried in the case.

On June 8, 1945 complainant executed a deed to Nettles conveying sixty acres of the one hundred and one acre tract. The deed recited a consideration of $600, the receipt of which was acknowledged. The bill alleges that nothing was paid her. On July 23, 1945 she executed to Nettles another deed reciting the same consideration of $600, conveying to him the same sixty acres and also the one acre tract on which her home was situated. This deed recites that it is subject to certain oil, gas and mineral leases which she had executed, and given to correct the former deed. On October 7, 1946 complainant executed another deed to said Nettles conveying to him the remainder of her land—forty acres—and reciting a consideration of $100 paid.

The evidence shows that Nettles was a distant relative of the grantor and that she had no close relatives; that she was a very old lady, approximately one hundred years of age, but with an alert and vigorous mind. She had lived alone on this land for a generation, and for several years Nettles had been taking care of her which he continued to do until his death in September 1948. After that Nettles' widow and daughter did not continue to look after her and supply her needs, but directed her to surrender the land to them. This she refused to do, and on October 4, 1948 she filed this suit. The complainant died in August 1949.

On January 26, 1950, Alceone Sawyer, another distant relative, filed a petition alleging the death of complainant, and that petitioner "was named and designated as the sole legatee of the estate of Jeffalonia H. Wasden, deceased, and as such she is entitled to prosecute this suit in her name". The petition prayed that she be substituted as the party complainant. On the same day, and without notice to respondents so far as the record shows, the register ordered the substitution as prayed. Section 153(1), Title 7, Code, Pocket Part, pro-

vides for the revivor of suits in equity which have abated by the death of a party. The substitution may be made by the register or judge of the court, and it must be on motion made by an heir, successor or personal representative of the deceased. No notice is required by the statute. Equity Rule 35, Code 1940, Tit. 7 Appendix has been superseded by that Act. Glass v. Cook, 257 Ala. 141, 57 So.2d 505.

■ Appellees contend that there is not sufficient proof that appellant is the legatee of all of the property of the deceased complainant, and that the evidence of her will is not legal or sufficient.

But waiving that contention, we observe that the pleadings show no issue in that respect. The proper method to raise the issue is by a plea but, of course, it may be set up in the answer after the substitution has been ordered (or at the time the motion is heard). Newman v. Pryor, 18 Ala. 186. It is there said that such a plea is in the nature of a bar to the action by the present complainant. The suit had abated by the death of complainant. Respondents had no notice of the motion and were not bound by the order. But they should have put in issue the facts alleged in the motion to require proof of them. There is no denial in the answer of those facts nor separate plea.

■ Appellees next contend that none of the testimony as it appears in the record is so certified that it can be considered by the court. We do not find it necessary to inquire into that contention, because no such objection was made before or at the time of the submission so far as the record shows. Section 372(1), Title 7, Code, Pocket Part, refers only to the nature of the evidence as being relevant, material, competent and legal and not to objections which go to the testimony as a whole, or the entire deposition. See, section 6565, Code of 1923. Section 470, Title 7, Code, applies to the latter status. It requires such objections to be made before entering upon the trial when the defect then appears (as it does here). This includes a defective certificate. Tuskaloosa Cotton-Seed Oil Co. v. Perry, 85 Ala. 158, 4 So. 635. That statute has been applied in equity without question, notwithstanding section 6565, Code of 1923, was then operative. Ivey v. Ivey, 220 Ala. 115, 124 So. 285; Thomas v. Thomas, 214 Ala. 642, 108 So. 739.

The parties here, by agreement, proceeded to take the evidence as authorized by section 475, Title 7, and Equity Rule 55(6) as amended. If the deposition was not properly certified it was waived by not making objection before or at the time of submission.

■ The real controversy is whether a material part of the consideration of one or both of the deeds was an agreement by W. A. Nettles to support the grantor during her life. The recital of a money consideration without more is not conclusive of that question. Parol evidence is admissible when the recitals of the deed are as here involved. Walker v. Walker, 256 Ala. 195, 54 So.2d 281; Dennis v. West, 248 Ala. 90, 26 So.2d 263; Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Scott v. McGill, 245 Ala. 256, 16 So.2d 866.

■ The contention, if sustained, works a change of the nature of the estate shown on the face of the deed and parol evidence to that effect must be clear, satisfactory and convincing. Scott v. McGill, supra. There is no direct evidence of a convincing sort which shows that Nettles, as a material part of the consideration of either deed, agreed to support complainant during her lifetime. The evidence to that effect is vague, uncertain and parol, consisting principally of vague declarations (1) by the grantor after the deeds were executed and in the absence of Nettles; or (2) it was of some other vague declaration by one of them. The facts properly deducible from the evidence are that the deeds were executed on account of past favors rendered to her by Nettles, her devotion to him, and because she was under greater obligation to him than to any other relative. There may have been an expectation that his attentions would continue and did continue as long as Nettles lived. But there is no evidence of an agreement to that effect which measures up to the requirements in such cases.

There is no such contention that there was fraud, mistake, undue influence, or mental deficiency. The grantor herself was shown to have initiated the transaction and to have been thoroughly alert mentally. The Monroe County Bank was allowed to intervene by reason of mortgages given by Nettles and his wife, claiming thereby to be an innocent purchaser. The record shows an agreement by all the parties that the mortgages of the bank are superior to any claim of Mrs. Alceone Sawyer with respect to the lands here involved. But we agree with the trial court that there is no convincing proof of an agreement to support Mrs. Wasden during her lifetime and, therefore, complainant is not entitled to relief as prayed for. The decree denying her relief and dismissing her bill should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.