109 So.2d 683

Henry A. DAWSON et ux.

v.

J. E. BIDDLE.

7 Div. 409.

Supreme Court of Alabama.

Feb. 19, 1959.

Scott, Dawson & Scott, Fort Payne, for appellant.

W. M. Beck, Fort Payne, for appellee.

MERRILL, Justice.

Appellee owned 40 acres of land. He was seventy-five years of age, had never married and was an old age pensioner. He deeded his land to appellants, his niece and her husband, in March, 1956, and a year later brought this suit by filing a bill in equity to cancel the deed under the provisions of Tit. 20, § 15, Code 1940, alleging that a material part of the consideration for the deed was the agreement of the grantees to support him during his life. The trial court found in favor of appellee and this appeal is from the decree granting that relief.

The sole question is whether there was sufficient evidence to bring the cause within the provisions of Tit. 20, § 15.

The deed recites a consideration of $4,-000, but admittedly no consideration was paid at the time of the execution of the deed. A note was executed by appellants to appellee for $4,000 containing the following statement: "It is agreed and understood that this note is to be paid by the makers furnishing the payee board and lodging at $40.00 per month until same is paid or so long as he lives."

Parol evidence is admissible to show that the true consideration for a conveyance was an agreement to support the grantor. Sawyer v. Nettles, 263 Ala. 220, 82 So.2d 220; Massey v. Massey, 246 Ala. 396, 20 So.2d 790.

According to the testimony, appellee was blind when the agreement was entered into and the evidence is not too clear as to what the exact agreement was. The trial court stated in part:

"The complainant is apparently suffering from senility or loss of memory due to age, and he is not clear with regard to the execution of the note, but does testify with regard to the board and lodging."

We have reviewed the evidence in consultation and are of the opinion that the decree of the trial court should be affirmed. We think the two cases cited by appellant, Strange v. Treece, 245 Ala. 576, 18 So.2d 89, and Grady v. Williams, 260 Ala. 285, 70 So.2d 267, are distinguishable from the instant case and are not apt authority in this instance.

Affirmed.

SIMPSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.