147 So.2d 818

**Biven Nelson CLEMENTS et al.**

**v.**

**R. A. OLIVE.**

**6 Div. 629.**

Supreme Court of Alabama.

Nov. 29, 1962.

Nolen & Enslen, Fayette, for appellants.

G. H. Downing, Vernon, for appellee.

LIVINGSTON, Chief Justice.

Appellee was an eighty-five year old widower, owning certain described land in Fayette County, Alabama. He deeded the land to the appellants on September 22, 1956, and some four years later brought this suit by filing a bill in equity to cancel the deed under the provisions of Title 20, Sec. 15, Code 1940, alleging that a material part of the consideration for the deed was the agreement of the grantees to support him

during his life. The lower court found in favor of appellee and this appeal is taken from the decree granting relief.

The first assignment of error argued by the appellant is that the lower court erred in overruling appellants' demurrer to the bill as last amended. It is claimed that it is impossible to ascertain with sufficient certainty where complainant intended to insert the amended matter within the framework of the original complaint.

We cannot agree. It is obvious from reading the amendments that they are sufficient. We think there is no difficulty in determining where the amendments are to be inserted. The equity rule providing for amendment of pleadings must be given broad and liberal interpretation to advance its beneficent purpose. Equity Rule 28, Code 1940, Title 7 Appendix. Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494.

Appellants next argue that the court erred in overruling the motion to strike a portion of the bill as last amended. In the case of Blumberg v. Speilberger, 209 Ala. 278, 96 So. 191, we stated that motions to strike out irrelevant parts from pleadings are addressed to the discretion of the trial court and may be overruled without injury. Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; Kelley v. Osborne, 269 Ala. 392, 113 So.2d 192. Further, in the case of Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789, we stated that whether a bill will be considered defective for prolixity is largely a matter for the discretion of the trial court, to be exercised under the circumstances of each case according to requirements of convenience and justice to the parties. We find no abuse of the trial court's refusal to grant the motion to strike.

The real controversy is whether or not there was an agreement between complainant and respondent whereby the respondents agreed to support the grantor for life within the purview of Title 20, Sec. 15, Code 1940.

The deed recites a consideration of ten dollars and love and affection, with a life estate reserved by the grantor. The only evidence concerning the agreement to support the complainant for life was the parol testimony by the complainant. The appellant apparently takes the position that the deed speaks for itself and not showing an agreement to support the complainant, then parol testimony working a change in the nature of an estate should be clear and convincing.

As stated in Massey v. Massey, 246 Ala. 396, 20 So.2d 790:

> " 'In the language of the statute, "any conveyance of realty," coming within the terms of the statute, "is void at the option of the grantor." The clear intent and purpose of the statute must control a rule of evidence. To hold that the true consideration cannot be shown would be to emasculate the statute and deprive it of its force and effect. Unless the truth can be shown, the very purpose of the statute to aid the aged, weak or afflicted (Bush v. Greer, 235 Ala. 56, 177 So. 341) might often be thwarted. * * * ' "

See also Dawson v. Biddle, 268 Ala. 557, 109 So.2d 683.

As noted, in part, by the court's final decree below:

> "The court is of the opinion that he had that right during his lifetime and the court is further of the opinion that the complainant has met the burden of proof and all the requirements under the law and should be granted the relief sought in the bill of complaint."

After an examination of the evidence, we are of the opinion that the trial court should be affirmed, and it is so ordered.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.