162 So.2d 469

Kathleen Franklin SCHOFIELD

v.

James S. FRANKLIN.

6 Div. 15.

Supreme Court of Alabama.

March 26, 1964.

W. D. Partlow, Jr., Tuscaloosa, for appellant.

J. Monroe Ward, Tuscaloosa, for appellee.

MERRILL, Justice.

Appeal from a decree setting aside a deed from a parent to his daughter. Appellee, the father, filed his bill of complaint under Tit. 20, § 15, Code 1940, which provides:

"Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona. fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

Appellant argues that the evidence is not sufficient to justify the decree setting aside the conveyance. A portion of the decree reads:

"B. The Court further finds that on, to-wit, July 26, 1962, the Complainant, James S. Franklin executed and delivered a deed to the above described. lands to the Respondent, Kathleen Franklin Schofield, in consideration of the said Respondent agreeing to furnish a home and care for the complainant during the remainder of his life.

"C. The Court further finds that for some reason, the Respondent failed or refused to carry out her agreement to maintain and support and care for the complainant during the remainder of his life.

"D. The Court further finds that the Complainant, within a few weeks after the execution and delivery of said deed, elected to declare said deed or

·conveyance, a nullity and void, and that Complainant so notified the Respondent and requested that she reconvey his property to him. The Court further finds that Complainant was entitled to have his property re-conveyed to him."

■ Although the evidence was conflicting, there was ample evidence to support the findings and the decree of the court. Dawson v. Biddle, 268 Ala. 557, 109 So.2d 683, Clements v. Olive, 274 Ala. 210, 147 So.2d 818. In equity, the trial court's findings are like unto a jury's verdict and are presumptively correct. Hyatt v. Compton, 262 Ala. 649, 80 So.2d 650. We cannot say that the decree was palpably erroneous or manifestly unjust.

All other argued assignments of error are concerned with the failure of the court to order a reference to determine the value of the services rendered to the appellee by his daughter. These questions were not before the trial court and are not properly raised on appeal.

When the bill was filed and appellant's general demurrer was overruled, appellant filed the following answer:

"Now comes the Respondent in the above styled cause and for answer to the said Bill of Complaint denies each and every allegation contained therein."

The cause was heard in open court on February 25, 1963, and final decree was rendered and filed that same day. Appellant filed an "additional" answer on March 1, 1963, *after* the rendition of the final decree. This "additional" answer raised for the first time the issue of the right of appellant to receive pay for her services rendered to her father.

■■ This "additional" or amended answer came too late. Equity Rule 28(d), Tit. 7, Appendix, Code 1940, provides that "amendments to answer may be filed as a matter of right at any time before final decree." But this right must be claimed before final decree. Beatty v. Brown, 85

Ala. 209, 4 So. 609. The proper procedure for filing an amended answer after submission is outlined in Mooradian v. Canal Ins. Co., 272 Ala. 373, 130 So.2d 915(11), but there is no provision for the filing of amendments to bills or answers in equity *after* the rendition of the final decree.

No reversible error appears in the record.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.