WOLFE, *Plaintiff in Error*, v. DYER.

| 95 | 545 |
| 39a | 227 |
| 95 | 545 |
| 103 | 36 |
| 95 | 545 |
| 119 | 302 |
| 95 | 545 |
| 60a | 308 |
| 95 | 545 |
| 141 | 193 |
| 95 | 545 |
| f150 | 668 |
| 95 | 545 |
| 163 | 125 |
| 95 | 545 |
| 167 | 457 |

1. **Equity**: DECREE FOR SUBROGATION, EFFECT OF: EJECTMENT: TITLE. Where a junior mortgagee paid a prior mortgage, in order to protect himself, and the mortgageor satisfied the junior incumbrance but refused to satisfy the other, but sold the land, and the junior mortgagee, by decree to which the purchaser was a party, was subrogated to the rights of the senior mortgagee, and the purchaser paid the amount decreed, such payment satisfied the decree and it became no more than a satisfied mortgage, and conferred title on no one, and could not have the effect of establishing such purchaser's title in an action of ejectment against him by one to whom the mortgagee subsequently, by quit-claim deed, conveyed a part of the land and who was not a party to the decree.

2. **Deed**: DESCRIPTION: PUNCTUATION. Where the description in a deed was: "The following described tract or parcel of land : The northeast quarter and the west half of the southeast quarter and the east half of the east half of the southwest quarter of section" thirty-six, township forty-eight, range twenty-six, without punctuation, the deed containing no statement of quantity, but reserving possession until a given date and certain crops to be grown on the land that season, it will be held to convey the northeast quarter of the southeast quarter, and the west half of the southeast quarter and the east half of the east half of the southwest quarter of said section thirty-six, containing one hundred and sixty acres, of which the grantors were in possession and which they surrendered to the grantee, and not the northeast quarter of section thirty-six, which the grantors did not own, the west half of the southeast quarter, and the east half of the east half of the southwest quarter of section thirty-six, all containing two hundred and eighty acres, the language of the deed alone being susceptible of both constructions.

3. —— : —— : CONSTRUCTION. A deed must be construed as a whole, due attention being given to every part of it, including words of reservation as well as words of grant.

4. —— : —— : PAROL EVIDENCE. While parol evidence cannot be received to prove that the parties intended something different from that which the language of a deed expresses, yet, if the language used in the description is uncertain and doubtful, the practical construction given to the deed by the subsequent acts of the parties may be shown by parol evidence and in such cases it is competent to show the actual situation and condition of the land.

---

Wolfe v. Dyer.

---

5. ———: CONSTRUCTION: NOTICE TO PURCHASER. A purchaser is bound to read a prior recorded deed in the light of all the facts shown upon its face, and is chargeable with all the information to which such facts lead.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

B. G. *Thurman* and *Railey & Burney* for plaintiff in error.

(1) A married woman cannot make a valid contract for the conveyance of her title to real estate owned and held as her "ordinary legal estate." Hence, all testimony of defendant Dyer, and admissions in relation to such contract, should have been excluded under the pleadings. *Hord v. Taubman,* 79 Mo. 101; *Shroyer v. Nickell,* 55 Mo. 264; *Carr v. Williams,* 10 Ohio, 305; *Knowles v. McCamley,* 10 Paige Ch. 342; *Atkinson v. Henry,* 80 Mo. 153, and cases cited; *Walker v. Owen,* 79 Mo. 570; *Rannells v. Gerner,* 80 Mo. 483. (2) The warranty deed from Horne and wife to Dyer read in evidence against the objection of plaintiff should have been excluded. It did not purport to convey the land in controversy. Mrs. Horne was a married woman and held the land as her ordinary legal estate. This deed could not convey her title, either legal or equitable. *Shroyer v. Nickell,* 55 Mo. 264; 7 Cent. Law Jour. 182, and cases cited; *Meier v. Blume,* 80 Mo. 184, and cases cited; *Atkinson v. Henry,* 80 Mo. 153, and cases cited; *Hord v. Taubman,* 79 Mo. 104; *Huff v. Price,* 50 Mo. 228. (3) The record in the case of Jacob Taggart *v.* Amos B. Horne *et al.* was incompetent evidence, and ought not to have been admitted and considered by the court. And the fifth instruction given on the part of defendant should have been refused. "Estoppels *in pais*

are not applicable to *femmes covert*, except where regarded as *femmes sole*, in consequence of the possession of separate estates." *Rannells v. Gerner*, 80 Mo. 474, 483, and cases cited ; *Mueller v. Kaessmann*, 84 Mo. 318, 323, *et seq.* (4) The respective rights of Harriet C. Horne and Jas. D. Dyer were not in controversy in the suit of Taggart *v.* Dyer, and the decree in that case is not *res judicata* as between them, *McCrory v. Parks*, 18 Ohio St. 1, approved in *Henry v. Woods*, 77 Mo. 282 ; *People v. Johnson*, 38 N. Y. 63 ; *Coit v. Tracy*, 8 Conn. 268 ; *McMahan v. Geiger*, 73 Mo. 145 ; Freeman on Judgments, sec. 158 ; *Graham v. Railroad*, 3 Wall. 704. (5) "In order that a judgment in a former action should bind parties and privies, by way of estoppel, in a subsequent action, it must have directly decided a point which was material in such former action, and is in litigation in the latter." *Dixon v. Merritt*, 21 Minn. 201 ; *People v. Johnson*, 38 N. Y. 63 ; *Woodgate v. Fleet*, 44 N. Y. 13, 14 ; *Dickinson v. Hayes*, 31 Conn. 423 ; *Sanford v. Thorp*, 45 Conn. 241 ; 1 Greenleaf's Evid. [14 Ed.] sec. 528, pp. 613, 614; *McCrory v. Parks*, 18 Ohio St. 1 ; *Fairman v. Bacon*, 8 Conn. 418, 424 ; *Henry v. Woods*, 77 Mo. 277, 280, *et seq. ; Walters v. Wood*, 61 Iowa, 290, 291, 292 ; *Malloney v. Horan*, 49 N. Y. 115, *et seq.* (6) The decree in the Taggart case was also incompetent because never recorded. R. S., sec. 2760. (7) The fact that plaintiff took title by quit-claim deed did not fix him with notice of this decree in case of Taggart *v.* Dyer and Horne. *Fox v. Hall*, 74 Mo. 215, and cases cited.

*Cockrell & Suddath* for defendant in error.

Actual knowledge is not required to constitute notice. If the circumstances are such as would put a prudent man on inquiry, which, if properly pursued, would lead to actual knowledge, he becomes a purchaser with

notice. *Eck v. Hatcher*, 58 Mo. 235; *Fellows v. Wise*, 55 Mo. 413. (2) The rule that parties to an action, and all who are in privity with them, are bound by the judgment, applies as between co-defendants. *Couley v. Warran*, 53 Mo. 166; *Craig v. Ward*, 1 Abb. App. 454; *Baker v. Cleveland*, 19 Mich. 230; *Elliott v. Threlkeld*, 16 B. Mon. 341; *Warfield v. Tindell*, 30 Mo. 288; *Tredway v. Semple*, 28 Cal. 652; *Semple v. Wright*, 32 Cal. 659; *McMahan v. Geiger*, 73 Mo. 149. (3) Privies in estate are successors in the same estate, and are bound by a judgment affecting the estate in the land, and binding the rights of parties under whom they claim. See Wells on Res Adjudicata, and Stare Decisis, p. 25, sec. 28.

BLACK, J.—This was an action of ejectment to recover the northeast quarter of the southeast quarter of section thirty-six, township forty-eight, range twenty-six, in Johnson county.

Both parties claim title from Harriet C. Horne, wife of Amos Horne; she owned the property as her general, not separate, estate. The history of the title is as follows: In 1874, Horne and wife made a mortgage on this and other land, in all one hundred and sixty acres, to secure a debt owing to Johnson county; thereafter, and in 1879, they made a deed of trust on the one hundred and sixty acres to secure a debt to Jacob Taggart; Taggart, in order to protect his deed of trust, paid the prior incumbrances in favor of the county; Horne then paid the debt secured by the Taggart deed of trust, but refused to pay him the amount he had paid in discharge of the county debt. While matters stood in this shape, Horne and wife, by a written contract, sold the one hundred and sixty acres to the defendant, James D. Dyer, for the agreed consideration of twenty-four hundred dollars; and on the ninth of April, 1880, they made a warranty deed to Dyer, intending thereby to

convey the one hundred and sixty acres. This deed was acknowledged and recorded on the day of the date thereof. After this, and before the payment of the purchase money, Taggart brought a suit in equity against Dyer, Horne and his wife, asking to be subrogated to the rights of the county in the county mortgage for the amount he had paid in the discharge of that debt. The suit resulted in giving him a lien on the land for $1,045.18. Dyer, with the consent of Horne and wife, paid the amount adjudged to be due Taggart, deducted it from the purchase price, and paid the Hornes the residue.

After all this, Dyer concluded there was a mistake in his deed, as to the description of the forty acres now in suit. He requested the Hornes to execute a deed of correction, but instead of doing this they made a quit-claim deed of the forty acres to Wolfe, the present plaintiff, dated in 1884. The defendant in this suit, by his answer, admits possession, and denies the other allegations of the petition. For a further defence he sets up a mistake by the scrivener in preparing the deed from the Hornes to him, as to the description of the forty acres. He then sets out at length the subrogation decree, and claims that by it title in him is established. The trial court seems to have regarded that decree as fixing the status of the title, and as constituting a complete defence to this suit; and in this it erred.

In that decree the court did, among other things, find that the Hornes had sold and conveyed the one hundred and sixty acres to defendant. It may be conceded that the decree was binding, as between the parties to that suit, and those claiming under them, for all the purposes for which it was rendered. But the decree did not establish title in any one. It left the legal title where the pleadings showed the parties had put it. It only subjected the property to the payment of the

$1,045.18. It authorized a sale of the property to pay the debt, but none was ever made. The decree put Taggart in the shoes of the county as to the county mortgage. When Dyer paid the debt, that satisfied the decree. Thereafter, for the purpose of making title, it amounted to no more than a satisfied mortgage. It confers title on no one. There can be no other conclusion.

Though the court may have errea on tae matter before considered, still, if the judgment is for the right party, it ought not to be reversed. We feel bound to say, on the undisputed facts of this case, that the deed to the defendant conveys the forty acres in suit. The description in the deed is as follows: "The following decribed tract or parcel of land," etc.: "The northeast quarter and the west half of the southeast quarter and the east half of the east half of the southwest quarter of section thirty-six, township forty-eight, range twenty-six." The description, as it appears in the deed, is without punctuation. To exclude the land in suit, we must understand the words "the northeast quarter" as meaning the northeast quarter of section thirty-six; but if we read the description so that the conjunction will connect the words "the northeast quarter" and "the west half," and let both sets of words be modified by "of the southeast quarter," then both parcels are located in the southeast quarter of the section, and the defendant gets in all one hundred and sixty acres, which includes the land in suit. The other reading gives him two hundred and eighty acres, one hundred and sixty of which was owned by Neff, and not by Mrs. Horne. If the deed called for quantity,- namely, one hundred and sixty acres, there could be no difficulty. While it does not do this, it contains that which is equivalent thereto. It goes on to say: "Reserving possession of the hereinbefore described premises until

Wolfe v. Dyer.

the first of September, 1880, also the whole of the growing wheat crop, and one-third of the corn crop, to be grown on the premises this season.''

The deed must be construed as a whole, giving due consideration to every part and portion of it, words of reservation as well as of grant. While parol evidence cannot be received to prove that the parties intended something different from that which the language of the deed expresses, yet if the language used in the description is uncertain and doubtful, the practical construction given to the deed by the subsequent acts of the parties may be shown by parol evidence. Devlin on Deeds, sec. 1042. So in such cases it is competent to show the actual situation and condition of the land. *Salisbury v. Andrews*, 19 Pick. 252. This deed shows that the land intended to be conveyed was in cultivation, and the inference is, that it was in the possession of Horne and wife when the deed was made; and though described by different subdivisions of the section, it is spoken of in the deed as a ''parcel or tract.'' It is an admitted fact, that defendant got possession of the one hundred and sixty acres from the Hornes, in April, 1880, and has had possession ever since; and the undisputed evidence is, that the one hundred and sixty acres, including the forty in suit, was under fence and in cultivation. What is said on the face of the deed leads to all this information, and it at once sets at rest all doubt arising from the words of the descriptive clause. We think the deed does convey the forty acres; and that it was intended to do so is conceded by the admissions in the record.

Something is said in respect of notice to plaintiff. He was bound to read the deed in the light of such facts as are before indicated, for the deed itself would lead him to look to them. The judgment is, therefore, affirmed. All concur.