# Davis *et al* v. L. & N. R. R. Co.

### *Damages for killing a Mare.*

1. *Pleading. Motion to strike when properly interposed.*—When a plea is frivolous, or unduly prolix, it may be stricken from the file on motion stating the ground. So also redundant, surplus, scandalous, or other improper matter contained in a plea, which can be eliminated without altering its legal effect, may be stricken out on proper motion to that end.

2. *Ruling of lower court on motion to strike, not revisable.*—A motion to strike is addressed to the sound discretion of the trial court, and and its action in refusing to grant the motion can not be reviewed by this court.

3. *Motion to strike, not equivalent to demurrer.*—A motion to strike has a different province from a demurrer, and can not be available in lieu thereof.

4. *Ruling of court on pleadings, when not reviewable.*—Rulings of the court on pleadings can not be reviewed unless they appear in the record proper; where they are set forth only in the bill of exceptions they will not be noticed.

This was an action by Steven W. Davis and his wife against the Louisville & Nashville Railroad Company for damages for killing a mare, the joint property of plaintiffs, by the wrongful act of defendant's servants in the careless and negligent operation and running of defendant's locomotive and train. The defendant pleaded, 1st. "Not guilty" 2nd. "That prior to the institution of this suit a suit had already been instituted between the same parties, standing upon like principles and supported on like evidence, in a court of competent jurisdiction." This plea was subsequently amended to read as follows: "Defendant says that before the institution of this suit a suit of the same nature was instituted by the same plaintiffs as in this cause, against the same defendant, in which it was alleged that plaintiffs had sustained damages for the killing of a colt, and that this action is for the alleged killing of a mare, and that the mare and colt were killed about the same time, and that if plaintiffs had any cause of action for the killing of either, that same should not have been split up into

two causes of action." To this plea plaintiffs replied, "The suits do not stand upon the same principles; one suit being for damages in killing a colt at a certain point on defendant's line of road and the present suit for damages for killing a mare at another point of said road." To this replication the defendant filed the following rejoinder; "Defendant says in answer to the replication of plaintiffs that the mare and colt were struck by defendant's train at practically the same time, but that the mare might have been dragged or carried for some distance on the engine."

The jury rendered a verdict in favor of the defendant. The judgment entry recites, "the case was tried on issue taken in plea of abatement, replication, and rejoinder thereto." The record proper shows no rulings on the pleadings. The plaintiffs then filed a motion for a new trial, but for the reason stated in the opinion it is unnecessary to set out the grounds urged therefor. The motion for a new trial was denied. The bill of exceptions sets out in full the second pleas filed by plaintiffs, and said plea as amended, and also sets out the rejoinder of defendant to plaintiffs' replication. The bill of exceptions then proceeds to set forth various motions made by plaintiffs to strike defendant's pleadings from the file and the rulings of the court thereon.

The plaintiffs moved to strike out the second plea, but assigned no ground for said motion. The plaintiffs then moved to strike out the second plea as amended, on ground that it was a plea in abatement. Motion was then made to strike out the word "about" in the amended plea on the ground that "the same was not sufficiently certain, or specific." The plaintiffs then moved to strike out of the amended plea the following words, "if plaintiffs had any cause of action, that the same should not have been split into two causes of action," on the ground that the same was argumentative. The plaintiffs then moved to strike out of defendants rejoinder the word, "practically" because the same was not sufficiently definite and specific, and did not put plaintiffs on sufficient notice in order to introduce contradictory proof." Each of these several motions were denied by the court, and the plaintiffs excepted to each of said rulings. An exception was likewise reserved by the plaintiffs to the giving by the court of the general charge in favor of de-

fendant, at its request. The bill of exceptions does not undertake to set out all the evidence.

GUY C. SIBLEY, for appellants.

RAY RUSHTON, for appellee.

HEAD, J.—When a plea is frivolous or unduly prolix, it may, on motion, stating the ground, be stricken from the file. *Lindsey v. Morris & Co.* 100 Ala. 546; Code §2665. And when a plea contains redundant, surplus, scandalous or other improper matter, the elimination of which not changing the legal effect of the plea, such objectional parts may be stricken out, on like motion.. But these motions are addressed to the discretion of the trial court; and when causes for their allowance exist, the refusal of the court to allow them is not revisable here. As the party pleading can take nothing, on the trial, by reason of the improper matter, no legal injury can result to the adverse party from the refusal to strike it out. *Goldsmith v. Pickard*, 27 Ala. 142; *Perry v. Marsh*, 25 Ala. 659. Therefore, if the motions of the appellants, as set out in the bill of exceptions, had been of the character above indicated, the refusals of the court to grant them could not be the subject matter of assignments of error here. But, such was not their character, except it may be that the second plea, before it was amended was frivolous. They were sought to be made to take the places of demurrers, which cannot be done. In fact, they, and the rulings on them, are shown only by the bill of exceptions; and if they were allowed to take the places of demurrers, they could not be considered here, for that reason.

This leaves us nothing more to consider. The bill of exceptions does not purport to set out all the evidence; and we cannot, therefore, pass upon the propriety of the general affirmative charge which the court gave for the defendant, nor upon the motion for a new trial which was refused. The plaintiffs might, as a matter of right, have had the plea in abatement stricken from the file because not verified; but no motion was made in that behalf.

Affirmed.