# Reynolds, *et al. v.* Lawrence.

*Bill to Enforce Vendor's Lien and Enjoin Waste.*

(Decided April 10, 1906.  40 So. Rep. 576.)

1. *Pleadings; Bill; Amendment; Departure from Original Cause.*— Where a bill was filed to enforce a vendor's lien, describing the land by half and quarter sections, and a copy of the deed was attached and made a part of the bill, describing the lands as described in the bill, it was not a departure from the original bill to permit an amendment which sought to explain and make clear just how much and what lands were sought to be conveyed by the deed.

2. *Evidence; Parol Evidence; Varying Terms of Deed; Patent Ambiguity.*—While it is a general rule that patent ambiguity in the face of a deed cannot be made certain by parol testimony, yet, as the deed, and the intention of the parties in making it, must be determined by the court, the court is entitled to all the circumstances attending the parties in making the

[Reynolds, *et. al.* v. Lawrence.]

deed to enable it to arrive at their intention ; especially when, as in this case, the ambiguity is of the middle class, partaking of the nature of both latent and patent ambiguities.

3. *Same; Description of Property.*—Where a deed conveying land described it as north half and northeast fourth of northwest fourth of Section 29, parol evidence was admissible to show that the parties intended to convey north half of northwest fourth and northeast fourth of northwest fourth of Section 29.

4. *Deeds; Construction; Lands Conveyed.*—Where the deed stated that the land conveyed contained 160 acres and described it as south half and northeast fourth of northwest fourth, Sec. 29, and an undivided half interest in southwest fourth of southwest fourth, Sec. 28, and south half of southwest fourth of northwest fourth, Sec. 23, and the amendment alleges that it should be described as south half of northwest fourth, northeast fourth of northwest fourth, Sec. 29 ; south half of southwest fourth of northwest fourth, Sec. 23, and half interest in southwest fourth of southwest fourth, Sec. 28, held, that to · harmonize the recitals of the deed and make it speak the truth in its averments, that construction that makes the description and the given number of acres agree should be adopted.

5. *Waste; Holder of Vendor's Lien Entitled to Have it Restrained.* —A vendor with a lien for purchase money may maintain a suit to stop waste upon the land pending the payment of the purchase money.

6. *Vendor's Lien; Enforcement; Statute of Limitations.*—The statute of limitations of ten years has no application as a defense to an action to enforce a vendor's lien.

7. *Vendors and Purchasers; Parties.*—All subpurchasers of parts of a tract of land are proper parties defendant to a bill to enforce a vendor's lien on the whole tract.

8. *Appeal; Assignment of Error; Sufficiency.*—An assignment of error that the court erred in overruling a demurrer to the bill and denied defendant's motion to strike parts of the bill is too general, and will not be considered.

9. *Same; Discretion of Lower Court; Motion to Strike; Review.*— Motion to strike certain parts of the pleadings is addressed to the sound discretion of the trial court, and its action thereon will not be reviewed on appeal.

APPEAL from Cherokee Chancery Court.
Heard before HON. W. W. WHITESIDE.

Bill by James R. Lawrence as administrator v. John H..Reynolds, et als., to restrain waste by cutting timber upon certain lands and to enforce a vendor's lien on certain lands described. There was a decree for complainant from which this appeal was prosecuted. The facts are sufficiently stated in the opinion of the court.

BURNETT, HOOD & MURPHREE, for appellants.—There was a patent ambiguity in the description of some of the lands, and it cannot be explained by parol evidence.— *Chambers v. Ringstaff,* 69 Ala. 140; *Gilmartin v. Wood,* 76 Ala. 209. Complainant has not the right to make respondent produce the deed.—*E. T. Va. & Ga. R. R. Co. v. Davis,* 91 Ala. 620. The chancellor should have dissolved or modified the injunction which prevented the removal of the wood already cut.—*Watson v. Hunter,* 6 Johnson's Chanc. 159; *Wyck v. Alleger,* 6 Barbour 507; 9 Am. Dec. 295; 10 A. & E. Ency. of Law, p. 821.

KNOX, ACKER & BLACKMON, for appellee.—There was no such ambiguity in the description of the lands as to cut off parol evidence to explain it.—*Chambers v. Ringstaff,* 69 Ala. 140; *Moody v. A. G. S. R. R. Co.,* 124 Ala. 195; *Webb v. Elyton Land Co.,* 105 Ala. 4471; 76 Ala. 209. The number of acres mentioned in the deed together with the description by government subdivisions shows that the deed should be corrected.—*Woolfe v. Dyer,* 95 Mo. 545; *Davis v. Hess,* 15 S. W. 324. There was no departure in the amendment.—*Fields v. Drennan & Co.,* 115 Ala. 558; *Romanoff Mining Co. v. Cameron,* 137 Ala. 214; *Milner v. Stanford,* 102 Ala. 277. A vendor out of possession with a claim constituting a lien upon land may enjoin a waste committed thereon.— *Moses Brothers v. Johnson,* 88 Ala. 517; *King v. Smith,* 2 Hare, 239; *Coker v. Whitlock,* 64 Ala. 180. The statute of limitations of ten years does not arise in this case.

SIMPSON, J.—This was a bill to enforce a vendor's lien and to enjoin the cutting of timber on a part of the land originally sold by Lawrence to the land company,

and on which the lien is claimed, as the S. 1-2 and N. E. 1-4 of N. W. 1-4, Sec. 29, T. 9, R. 10 W.; also the S. 1-2 of S. W. 1-4 of N. W. 1-4, Sec. 23, T. 9, R. 10; also an undivided hald interest in S. W. 1-4 of S. W. 1-4, Sec. 28, T. 9, R. 10; and the deed attached as an exhibit gives the same description. The amendment to the bill seeks to explain this description by alleging that the lands conveyed were the S. 1-2 (of the N. W. 1-4) and the N. E. 1-4 of N. W. 1-4 of said section 29; also claims that an inspection of the original deed, which is in the possession of defendants, will make the matter clear, and seeks to require defendants to produce it. The amendments, seeking to make clear the lands intended to be conveyed, did not constitute a departure from the cause of action as stated in the original bill.

The only ambiguity which is claimed to exist is from the description of the land as "the S. 1-2 and the N. E. 1-4 of N. W. 1-4 of Sec. 29," and the amendment seeks to make it clear that the S. 1-2 referred to the S. 1-2 of N. W. 1-4 and not the S. 1-2 of the section. While it is a correct general principle of law that, if an ambiguity is patent on the face of the deed, it cannot be made certain by parol proof as to what was the intention of the parties, but the instrument must be construed by the court, yet the court is entitled to the light of all the circumstances surrounding the parties, in order to enable it to determine the property intended to be conveyed by the deed. This has been called an intermediate class, partaking of the nature of both patent and latent ambiguity; and this court, speaking through Justice Stone, has clearly expressed this distinction, in a case where lands were described by government numbers, yet failed to state in what county or state they were situated, and proof was permitted to be made of the fact that the party making the deed was living in a certain county in Alabama, on lands answering to said description.—*Chambers v. Ringstaff,* 69 Ala. 140. See also, *Moody v. A. G. S. Ry.,* 124 Ala. 195, 26 South. 952; *Webb v. Elyton Land Co.,* 105 Ala. 471, 18 South. 178.

In addition to the above principle, which admits of proof which may make the description of this land clear,

the language of the deed itself is persuasive to show that the construction given to it as set out in the amendment is correct, to-wit, the deed, as alleged, states that the land conveyed contains 160 acres. To construe the S. 1-2 as meaning the S. 1-2 of the section would include a great deal more land than that, while if we construe it to mean the S. 1-2 of N. W. 1-4 it will make just 160 acres, if the undivided half interest in S. W. 1-4 of S. W. 1-4 of section 28 be considered as 20 acres. While it is true that it is not technically correct to say that a person who owns an undivided half interest in 40 acres owns 20 acres, yet that is really what his interest amounts to, and for the purpose of harmoninzing all the parts of the deed it is proper to suppose that the draftsman so understood it.—*Wolfe v. Dyer*, 95 Mo. 545, 8 S. W. 551; *Davis v. Hess*, (Mo. Sup.) 15 S. W. 324.

The general purpose of the amendment is the same as that of the original bill, and there is no such variance, either in the allegations or in the relief sought, as would constitute a departure.

There is no merit in the cause of demurrer that complainant had an adequate remedy at law. This court has recognized the equity of a mortgagee, or a vendor with a lien for purchase money, to restrain waste in similar cases.—*Moses v. Johnson*, 88 Ala. 517, 7 South. 146, 16 Am. St. Rep. 58; *Coker v. Whitlock*, 54 Ala. 180.

The statute of limitations of 10 years has no application to a bill for the enforcement of a vendor's lien.—*Phillips v. Adams*, 78 Ala. 225.

There is no merit in the cause of demurrer that there was a misjoinder of parties, as all subpurchasers of parts of the land are proper parties to a bill to enforce the vendor's lien on the entire tract.

As to the cause of demurrer that the owners of N. E. 1-4 of N. W. 1-4 of section 29 are not made parties, the original bill alleges that the land covered by the deed is owned and claimed by the First National Bank of Rome, Ga., R. T. Dorsey, and John H. Reynolds, and they are made parties to the bill. In the amendment to the third section of the original bill it alleges that Dorsey, Van-

[Yarbrough, *et al.* v. Thornton.]

dyke, and Reynolds became purchasers at the foreclosure sale, and that Vandyke sold some interest in said lands to said First National Bank of Rome and B. I. Hughes, but made no deed to them, and that Vandyke still holds the legal title to some interest in the land. Said Vandyke and Hughes are also made parties defendant. So there is no merit in this assignment. Whatever part was not sold by Dorsey and Vandyke remained in them.

The assignment of error that "the court erred in its said decree overruling the demurrer of respendents and their motion to strike parts of said bill of complaint" is too general. The demurrers have been considered, and the motion to strike is addressed to the sound discretion of the court, and the refusal to allow it is not revisable error.—*Ashford v. Ashford*, 136·Ala. 633, 34 South 10, 96 Am. St. Rep. 82; *Davis v. L. & N. R. R. Co.*, 108 Ala. 660, 18 South. 687.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.