(93 South. 886)

## TUSCALOOSA RY. & UTILITIES CO. v. LEWIS.   (6 Div. 569.)

(Supreme Court of Alabama.   May 11, 1922.)

1. **Appeal and error** ⚙➡1042(3)—**Refusal to strike whole complaint for prolix and frivolous counts not prejudicial to defendant.**

Where a cause of action was one of simple elements capable of complete, adequate statements in a very few counts, and defendant moved to strike the whole complaint, consisting of twenty counts, and each count separately, because the pleading was prolix, frivolous, etc., the court, in exercising its discretion in striking 9 designated counts, and overruling the motion to strike the whole complaint, did not err to defendant's prejudice.

2. **Depositions** ⚙➡56(4)—**Notice of taking of interrogatories held sufficient.**

In view of Gen. Acts 1911, p. 487, requiring no definite period of notice as to the time and place of taking depositions, reasonable notice of the time and place being the statute's exaction, where notice was given at 2 p. m., June 11, 1921, of the taking of interrogatories on June 13, 1921, at 10 a. m., and the evidence disclosed feasible train service that, if promptly availed of, would have enabled defendant to have been represented, error could not be imputed to the court in declining to suppress the depositions.

3. **Continuance** ⚙➡12—**Continuance because of substitution of next friend for insane plaintiff discretionary.**

Granting of continuance, because of substitution of next friend for insane plaintiff, is discretionary.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by Walter D. Lewis, suing by Eliza H. Lewis, as his next friend, against the Tuscaloosa Railway & Utilities Company, for damages for personal injuries. From a judgment for the plaintiff, defendant appeals. Affirmed.

Foster, Verner & Rice and Washington Moody, all of Tuscaloosa, for appellant.

Upon demand, it is the duty of the commissioner to give notice of time and place of taking deposition sufficient to enable party to be present if he so desires. Acts 1911, p. 487; 191 Ala. 553, 68 South. 30, Ann. Cas. 1916C, 1097. The defendant was due the general affirmative charge. 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700; 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; 78 Miss. 334, 29 South. 76, 52 L. R. A. 954, 84 Am. St. Rep. 630; 195 Ala. 378, 70 South. 729.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

The case was properly submitted to the jury, and the court did not err in refusing the general charge for defendant. The depositions were not to be taken under Code, § 4039, or section 1 of Acts 1911, p. 487, but under Code, § 4032, or section 2 of said act, and in such case it was not the duty of the clerk to prescribe the notice. 110 Ala. 418, 18 South. 13.

McCLELLAN, J. Action for damages for personal injuries suffered by Walter D. Lewis, a pedestrian in a public thoroughfare in the city of Tuscaloosa, resulting from being run against by an automobile (truck) operated by appellant's agent or servant.

[1] The complaint, through amendments, was made up of 20 counts. This volume of pleading was wholly unnecessary. The case was one of simple elements, capable of complete, adequate statement in a very few counts. The defendant moved to strike the whole complaint, and each count separately, on the ground that the pleading was prolix, frivolous, etc. The court, overruling the phase of the motion to strike the whole complaint, sustained the other phase of it by striking 9 designated counts. In view of this action of the court in eliminating 9 of the 20 counts, it cannot be affirmed that the court, in exercising its *discretion* in the premises (Davis v. L. & N. R. Co., 108 Ala. 660, 18 South. 687; Reynolds v. Lawrence, 147 Ala. 221, 40 South. 576, 119 Am. St. Rep. 78), erred to appellant's prejudice.

[2, 3] The defendant moved to suppress the depositions of witnesses, taken for plaintiff on interrogatories and cross-interrogatories, at Louisville, Ky., and Lewisburg, W. Va.; the former being by rail 525 miles, and the latter 937 miles, from Tuscaloosa, Ala. The court overruled the motion to suppress. The ground of the motion which is more stressed on this appeal is that sufficient notice of the time and place of taking the depositions was not given defendant or defendant's counsel. According to the amendatory act of 1911 (Gen. Acts, p. 487), no definite period of notice, to the adverse party or his attorney, is prescribed with respect to the time and place of taking depositions in cases like the one under review. "Reasonable notice" of the time and place is the statute's exaction, to the end that the party, adverse to the one who proposes the witness, may attend on the occasion or be thereat represented by counsel. Upon the issue, whether defendant was accorded reasonable notice of the time and places of taking these depositions in Louisville and Lewisburg (on the same date, at the same hour) evidence was considered by the court. At best for movant (defendant), notice of the time and places for taking these depositions was given at 2 p. m., Saturday, June 11, 1921, the time being fixed at 10 a. m., Monday, June 13, 1921, at the places stated. The evidence (agreed upon) disclosed such feasible train service that, if promptly availed of, would have enabled representation, at both places, of defendant by his counsel, of whom there were several.

Error cannot be imputed to the court in declining to suppress the depositions. As early, at least, as June 1, 1921, the defendant was advised of the plaintiff's purpose to take the testimony of the witnesses to whom the interrogatories were propounded in an effort to prove that Lewis had become insane since the injury; hence no factor of surprise entered into the issue made by the motions to suppress the depositions, nor was the defendant entitled, because of the substitution of the next friend for Lewis, as a matter of right to a continuance of the case—the discretion of the court in the premises not being abused.

The court gave general affirmative instructions for defendant as to "all willful and wanton counts," also as to counts declaring on the incompetency of the driver of the defendant's truck, and advised the jury that "there" was "left for their consideration the simple negligence counts and what is known as the subsequent peril counts." Under the whole evidence—which has been carefully examined in the light of the argument for appellant—the court correctly submitted to the jury's decision the material issues tendered by the counts remaining for consideration, as well as the pleaded inquiry whether Lewis was himself guilty of contributory negligence, barring a recovery.

The action of the court in overruling the motion for new trial was not erroneous. There is, in brief, no sufficient insistence for error in respect of any matters, noted in the motion, other than those of which mention has been already made. All the assignments urged have been treated. They are without merit. The judgment is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.