(96 South. 191)

### BLUMBERG v. SPEILBERGER.
### (8 Div. 543.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Bills and notes** ⊙⇒253—Statute as to liability as between indorsers applicable to accommodation as well as regular indorsers.

Code 1907, § 5023, providing that, "as respects one another, indorsers are liable prima facie in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise," applies to accommodation as well as regular indorsers.

2. **Pleading** ⊙⇒354(2)—Plea that parties to action were accommodation indorsers and that defendant had tendered money to satisfy his half of aggregate amount due held not subject to motion to strike.

In indorsee's action against indorser, plea alleging that both the defendant and the plaintiff were accommodation indorsers on notes, and that defendant had paid one of the notes and tendered the money in court to satisfy his

half of the aggregate amount of the notes, *held* not subject to a motion to strike it from the files for want of an unequivocal allegation that there was an agreement between plaintiff and defendant that they were to be jointly liable.

**3. Appeal and error ⬪682—Overruling of motion not disturbed in absence of the motion or statement as to ground on which it was based.**

Action of court in overruling motion to strike plea from the files will not be disturbed, where the record does not exhibit the motion or the ground on which it was based.

**4. Pleading ⬪363—Motions to strike irrelevant parts addressed to discretion of court.**

Motions to strike out irrelevant parts from pleadings are addressed to the discretion of the trial court and may be overruled without error.

**5. Appeal and error ⬪1039(5)—Allegations of matters of inducement in plea held not prejudicial to plaintiff.**

Unnecessary allegations of mere matters of inducement, not changing the legal effect of the plea, *held* not prejudicial to plaintiff.

**6. Appeal and error ⬪1048(6)—Cross-examination held harmless in view of other testimony as to same fact.**

The action of the court in allowing the defendant to cross-examine the plaintiff as to a certain fact was harmless as to plaintiff, where the defendant himself had previously testified to such fact without objection from the plaintiff, and the plaintiff on his direct examination had made no denial of the fact.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Action by J. Blumberg against Jacob Speilberger. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Plaintiff sues defendant as indorser of three certain promissory notes made by the Joe Patterson Grocery Company, payable to the order of defendant.

Besides a denial of indebtedness, defendant pleaded specially in substance as follows: That said grocery company was in need of financial accommodation, and this condition was explained to both plaintiff and defendant at Sheffield, Ala., "and it was then and there agreed that the said Jacob Speilberger and the said J. Bloomberg would extend assistance to the said * * * grocery company by lending their respective indorsements to the paper of * * * grocery company"; that such notes were executed to the amount of $2,250, "indorsed both by the plaintiff and by the defendant as guarantors or sureties of the said * * * grocery company," which were afterwards renewed for $1,250, the latter (the notes sued on) being executed by said grocery company payable to defendant "and being indorsed (by plaintiff and by defendant) as guarantors or sureties of the said * * * grocery company"; that defendant paid one of the notes, and paid and tendered the money in court to satisfy his half of the aggregate amount of the notes.

Plaintiff objected to the filing of this plea because it contained immaterial and irrelevant matters; moved to strike it from the files; and moved to strike various parts of it because of their irrelevancy and illegality. These several objections and motions were overruled by the court, with exceptions by plaintiff.

The evidence tended to support the allegations of the plea. Defendant testified to an agreement between him and plaintiff that plaintiff would pay half of the notes in case the grocery company should fail, and the evidence shows that that event had happened. Plaintiff denied the making of any such agreement. It appeared without dispute that defendant's indorsements on the notes preceded those of plaintiff, and were made before the notes reached plaintiff's hands.

At plaintiff's request the trial judge instructed the jury that Speilberger, as first indorser, was prima facie liable to plaintiff on the notes, and that the burden was on defendant to reasonably satisfy them that before the first series of notes were made plaintiff agreed to be jointly liable with defendant for any default on the part of the Patterson Grocery Company.

The jury found for defendant, and there was judgment accordingly.

Nathan & Nathan, of Sheffield, for appellant.

The liability of indorsers, inter se, in the absence of express agreement to the contrary, is that expressed by the paper; their liability is successive, not joint; they are not cosureties, and the doctrine of contribution does not obtain. Moody v. Findley, 43 Ala. 167; 28 L. R. A. (N. S.) 1039. Accommodation parties are liable in the order in which they indorse. Code 1907, § 5023.

Andrews & Peach, of Sheffield, for appellee.

As between the parties, parol evidence was admissible to show whether there was an agreement as to what their respective liabilities should be. Long v. Gwin, 188 Ala. 196, 66 South. 88; 2 Randolph, Com. Paper, § 778; Code 1907, § 5023. Although bills are drawn and indorsed for accommodation, it is competent for one, when sued, to show by parol that the agreement was to contribute jointly in case of loss. Rhodes v. Sherrod, 9 Ala. 63.

SOMERVILLE, J. [1] Section 5023 of the Code provides that—

"As respects one another, indorsers are liable prima facie in the order in which they in-

dorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise."

This rule, of course, applies to accommodation as well as to regular indorsers. In Braham v. Atwood, 3 Stew. 247, and later in Sherrod v. Rhodes, 5 Ala. 683, 691, it was held that—

"The fact merely, that two or more persons were successive accommodation indorsers for another, did not make them cosureties, but that to constitute that relation there must be an agreement between them to that effect, or some fact or circumstance must exist from which it may be inferred that they intended to be bound as cosureties, although they have not signed the instrument jointly, but successively."

This has always been the law.

[2, 3] It may be that the special plea was subject to demurrer for want of an unequivocal allegation that there was an agreement between plaintiff and defendant, express or implied, that they were to be jointly liable as indorsers or sureties for the Patterson Grocery Company. But we think that ·the plea, as for that objection, was not subject to a motion to strike it from the files. However, the record does not exhibit the motion, and the ground upon which it was based, if any, does not appear. Hence the trial court cannot be put in error for overruling the motion.

[4] Motions which seek to strike out from pleadings supposedly irrelevant parts are addressed to the discretion of the trial court, and they may be overruled without error. Davis v. L. & N. R. Co., 108 Ala. 660, 18 South. 687; Tuscaloosa R. & U. Co. v. Lewis, 207 Ala. 463, 93 South. 386.

[5] The plea in question was faulty in its unnecessary allegations of mere matters of inducement; but those allegations did not change the legal effect of the plea, and their presence could not possibly have prejudiced plaintiff, but quite the contrary. As matters of evidence, we can discover no valid objection to their admissibility, since they served to show the relation of the parties to the grocery company and its managing owners, and to explain their conduct and to shed light on their intentions in placing their indorsements on these notes. For these purposes those matters had some evidential value, though it may have been slight.

[6] Conceding, without deciding, that defendant was improperly allowed to ask plaintiff, on cross-examination if his visit to Sheffield shortly before these notes were indorsed was not for the purpose of aiding his brother-in-law, Feldman, to buy out the Patterson Grocery Company, the error cannot serve as a ground for reversal of the judgment. The defendant had already testified to that effect, fully and specifically, without objection from the plaintiff, and the latter had made no denial of the fact on his direct examination. Hence, if the matter could be deemed prejudicial at all, the prejudice was already complete.

The issue of joint or successive indorsement and suretyship was clearly submitted to the jury as the decisive issue in the case, and we find no erroneous ruling of the trial court which could justify a reversal of the judgment.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.