113 So.2d 192

**S. W. KELLEY, Jr., d/b/a Alabama Home Supply Company,**

v.

**Mrs. C. E. OSBORN.**

**7 Div. 450.**

Supreme Court of Alabama.

May 21, 1959.

Rehearing Denied June 25, 1959.

Barnes & Carnes, Albertville, for petitioner.

Robt. H. King, Gadsden, opposed.

LAWSON, Justice.

This is a petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals in the case of S. W. Kelley, Jr., d/b/a Alabama Home Supply Company v. Osborn, 113 So.2d 189.

■ On certiorari to the Court of Appeals we consider only the questions treated in the opinion of the Court of Appeals which are challenged in the petition for the writ and which are argued in brief filed in support of the petition. Davenport-Harris Funeral Home, Inc. v. Chandler, 264 Ala. 623, 88 So.2d 878; Liberty National Life Insurance Co. v. Stringfellow, 265 Ala. 561, 92 So.2d 927. See Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Atlantic Coast Line R. Co. v. Vise, 262 Ala. 329, 78 So.2d 661.

We will consider the alleged errors of the Court of Appeals in the order in which they are set out in the petition for the writ.

1. "The Court erred in holding that the trial court committed no error in overruling the plaintiff's and petitioner's demurrers to Plea II."

In the opinion of the Court of Appeals it is said:

"The plaintiff's assignments of error cover a number of points, of which only two get to the crux of the case.

"*First*, we consider plea II set forth above. Kelley objected to this plea (and other pleas) by motion to strike and by forty-nine demurrers. Kelley contends the court below is in two-fold error for overruling the motion and demurrers as to plea II. * * *"

There is no other reference in the opinion of the Court of Appeals to the "forty-nine demurrers." There is no express holding that the demurrers were correctly overruled. However, the affirmance of the judgment of the trial court may be said to constitute an implied holding to that effect. What points did the demurrers take? The

opinion does not disclose. Which of the demurrers did counsel for Mrs. Osborn argue were well taken and should have been sustained? The opinion of the Court of Appeals does not show.

We do not conceive it to be our duty or prerogative for that matter to treat this case as if it had been appealed originally to this court and unless it is so treated we cannot reach the action of the trial court in overruling Kelley's demurrers to the defendant's plea II. We hold, therefore, that petitioner's first asserted ground for reversal of the judgment of the Court of Appeals cannot be sustained.

2. "The Court erred in holding that the trial court committed no error in overruling the plaintiff's and petitioner's motion to strike directed to Plea II."

A reference is made to the motion to strike in that part of the opinion of the Court of Appeals which we have already quoted. The only other mention of that motion in the opinion is as follows:

"* * * One of the grounds of the motion reads:

"'6. Said instrument is unconstitutional in that it inflicts a cruel and unusual punishment on the Court and counsel for the Plaintiff in requiring them to read such a prolix, confused, ill drafted, repetitious, irrelevant, incoherent, and impertinent instrument.'"

Although there is no express holding by the Court of Appeals that the motion to strike was correctly overruled by the trial court, we will consider that the affirmance of the trial court's judgment is an implied holding to that effect.

But we are not called upon to examine each and every ground of that motion. We limit our consideration to the sole ground which the Court of Appeals considered in its opinion, namely, ground 6, which we have quoted above.

Plea II is not as clear as it might be but we cannot say that the trial court erred to reversal in not striking that plea on the grounds set up in ground 6 of the motion to strike. A motion to strike for the reasons asserted in ground 6 of the motion is addressed to the discretion of the trial court. Davis v. Louisville & N. R. Company, 108 Ala. 660, 18 So. 687; Reynolds v. Lawrence, 147 Ala. 216, 40 So. 576; Tuscaloosa Ry. & Utilities Co. v. Lewis, 207 Ala. 463, 93 So. 386; Blumberg v. Speilberger, 209 Ala. 278, 96 So. 191; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561. Moreover, ground 6 of the motion appears to be couched in part in rather frivolous language. We fail to see how it can be seriously asserted that plea II is bad because it is unconstitutional.

3. "The Court erred in holding that petitioner's assignments of error 2 through 16 as argued in original brief were not well taken."

As far as we can determine from the opinion of the Court of Appeals assignments of error 2 through 16 were not treated by the Court of Appeals.

4. "The Court erred in holding that Laning v. C. R. Crim Building Co., 259 Ala. 268, 66 So.2d 121, was distinguishable from the instant case."

We agree with the observations made by the Court of Appeals concerning the Laning case. But there is nothing in that case which could cause a reversal of the judgment of the trial court. In so far as it is cited by petitioner it relates to the matter of striking surplusage from pleading. As shown above the question as to whether or not plea II should be stricken because of ground 6 of the motion was one which was addressed to the discretion of the trial court.

5. "The Court erred in holding that the case at bar was determined by the case of Commercial Credit Company, Inc. v. Perkins, 236 Ala. 616, 184 So. 178."

Some of the principles enunciated in Commercial Credit Company, Inc. v. Perkins, referred to above, appear to us to bear on the case at hand if we correctly interpret the opinion of the Court of Appeals. However, that opinion does not purport to set out all of the evidence, hence, we cannot say from a review of the opinion that the Court of Appeals erroneously concluded to the effect that the principles stated in the Commercial Credit case "substantially determine(s) the questions presented." ·

The appeal was submitted to the Court of Appeals on June 6, 1957. The Court of Appeals affirmed the judgment of the trial court on May 27, 1958. On June 9, 1958, the appellant filed an application for rehearing. On February 17, 1959, the Court of Appeals entered the following order:

"Opinion withdrawn; opinion substituted. Application for rehearing overruled."

On February 25, 1959, the appellant filed in the Court of Appeals another application for rehearing wherein the correctness of the substituted opinion was questioned. The appellant was entitled to file the second application for rehearing in view of the fact that the Court of Appeals wrote another opinion in response to the first application for rehearing. Such has been permitted by both of our appellate courts over a long period of time. The Court of Appeals overruled the last application for rehearing on March 3, 1959. Petition for certiorari was timely filed in this court on March 18, 1959. It follows that Mrs. Osborn's motion to strike the petition for certiorari must be denied.

Writ denied.

Motion to strike denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.